UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY HARRISON,

       Plaintiff,                      CIVIL ACTION NO. 05-74587

       vs.                                DISTRICT JUDGE GEORGE CARAM STEEH
                                        MAGISTRATE JUDGE DONALD A. SCHEER

GREYWYN RUSSELL, and
JOHN GARNER,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendants Motion to Dismiss (styled Motion for Summary Judgment) this § 1983 civil rights Complaint should be DENIED, as it does not appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

\* \* \*

Plaintiff, while a prisoner at the Southern Michigan Correctional Facility in Jackson, Michigan,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on December 5, 2005, against the above named defendants, who are Detroit police officers. In his Complaint, Plaintiff alleged that he was physically assaulted by defendants during his arrest on October 29, 2004, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiff asserted
that he was not being assaultive towards the arresting officers and therefore the use of such force against him was excessive. Plaintiff added that the unreasonable force used

---

[1] Plaintiff is still incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan.

against him by defendants caused him to suffer head injuries and mental anguish, and he sought compensatory and punitive damages.

Defendants filed a Motion to Dismiss under FRCP 12(b)(6) on September 26, 2006, based upon a failure to state a claim upon which relief can be granted. Defendants assert that the Complaint should be dismissed because Plaintiff mistakenly alleged that his Eighth Amendment right against cruel and unusual punishment had been violated as a result of the excessive use of force during and after his arrest (Complaint ¶15 and ¶16). Where an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protection of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person. Since Plaintiff misidentified the constitutional right allegedly violated, Defendants moved to dismiss the Complaint in its entirety with prejudice. Plaintiff has not filed a response to Defendants' Motion for Summary Judgment, although requested to do so.

DISCUSSION AND ANALYSIS

The Court must construe the complaint of a *pro se* litigant liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Spotts v. United States, 429 F.3d 248, 250 (6th Cir. 2005). When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997); Wright v. Metro Health Medical Center, 58 F.3d 1130, 1138, (6th Cir. 1995).

Depending upon what discovery discloses, Plaintiff may have Fourth Amendment claims for excessive force. Whether a police officer must respond in damages for his actions is judged by whether his conduct was reasonable, considering all the circumstances, and by whether he acted in good faith.  A police officer's stated good faith belief in the necessity or wisdom of his action is not dispositive of that element of the defense, but must be supported by objective evidence. Glasson v. City of Louisville, 518 F.2d 899, 909 (6th Cir.), cert. denied,  423 U.S. 930 (1975).

Given the fact that Plaintiff is a *pro se* litigant not trained in the law, the Complaint should not be dismissed due to a hyper-technical error in his pleading.  I am persuaded that it would be premature to dismiss the Complaint at this stage and, accordingly, recommends that the Defendants' Motion to Dismiss be **DENIED**.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Steeh's acceptance thereof is waived.

S/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: December 7, 2006

___

### CERTIFICATE OF SERVICE

I hereby certify on December 7, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 7, 2006.  **Chauncey Harrison.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217