UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY HARRISON,

       Plaintiff,

vs.

       Case No. 05-CV-74587
       HON. GEORGE CARAM STEEH

GREYWYN RUSSELL and
JOHN GARNER,

       Defendants.

_____/

## ORDER ACCEPTING DECEMBER 7, 2006 REPORT AND RECOMMENDATION (#27) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#18), GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT, AND EXTENDING SCHEDULING ORDER DATES

Defendants Detroit Police Officers Gerywyn Russell and John Garner object to Magistrate Judge Donald Scheer's December 7, 2006 Report and Recommendation recommending that their motion for summary judgment be denied.

Plaintiff Chauncy Harrison[1] filed a pro se complaint on December 5, 2005 alleging that, on October 29, 2004, he ran from a parked motor vehicle away from Officers Russell and Garner, was caught by the Officers, and thereafter "Defendant Russell or Defendant Garner handcuffed Plaintiff and then began beating Plaintiff, repeatedly slamming Plaintiff's head into the concrete ground three or four times." Complaint, ¶ 10, at 2. Harrison alleges he was later hospitalized for two days and required 20 stitches. Harrison alleges the Officers' actions violated his rights under the Eighth and Fourteenth Amendments. Officers Russell and Garner filed a "Motion for Summary Judgment" on September 26, 2006,

---

[1] Plaintiff alleges that he was known by the name of "Thomas Madison" at the time of the incident.

invoking Federal Rules of Civil Procedure 12(b) and 12(b)(6) and seeking dismissal on the pleadings with prejudice.  See Defendants' September 26, 2006 Brief, at 3.  Defendants' lone argument for dismissal was that Harrison could not recover for Eighth or Fourteenth Amendment violations, as alleged, because the alleged use of force occurred during Harrison's arrest and was governed by Fourth Amendment standards.  See Defendants' September 26, 2006 Brief, at 5 (citing Graham v. Conner, 490 U.S. 386 (1989)).  Defendants' motion was referred to Magistrate Judge Scheer, who ordered Harrison to file a response on or before October 30, 2006, forewarning Harrison that, if he did not file timely opposing affidavits as required by Federal Rule of Civil Procedure 56(e), the defendants' affidavits would be accepted as true and, "if appropriate," summary judgment would be entered against Harrison.  See October 5, 2006 Order.  Harrison did not file a response or opposing affidavits.

In his December 7, 2006 Report and Recommendation, Magistrate Judge Scheer reasons that Harrison's excessive force claim should not be dismissed at this stage of the proceedings based solely on Harrison's "hyper-technical error" of alleging Eighth and Fourteenth Amendment violations instead of an appropriate Fourth Amendment claim, noting that Harrison is proceeding pro se and is currently incarcerated.  Magistrate Judge Scheer concludes that it remains possible for Harrison to develop a factual record that would support recovery on a Fourth Amendment excessive force claim "[d]epending on what discovery discloses."  December 7, 2006 Report and Recommendation, at 3.

Defendants object to the Report and Recommendation, stressing that Harrison failed to respond to their motion as ordered.  Defendants assert that Harrison has yet to conduct any discovery, and that discovery closed on November 30, 2006. Defendants continue that Harrison does not allege whether Russell or Gardner was the aggressor, and that with the close of discovery, Harrison cannot now develop a factual record supporting his claims for

2

relief.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Upon de novo review, the court agrees with Magistrate Judge Scheer that Harrison's excessive force claims are not subject to dismissal based on the erroneous legal allegation that his claims are governed by the Eighth and Fourteenth Amendments as opposed to the Fourth Amendment. Defendants moved for dismissal on the pleadings under Rules 12(b) and 12(b)(6), not for summary judgment under Rule 56, notwithstanding their mislabeling of the motion as a motion for summary judgment. In adjudicating the Officers' motion under Rule 12(b), this court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990). In contrast, had the Officers moved for summary judgment under Rule 56, and proffered documentary evidence to support the motion, the court would have been required to review the proffered evidence in a light most favorable to Harrison and determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003). The Officers did not proffer Rule 56(e) documentary evidence to support their motion, and therefore Harrison was not required to respond with his own evidence of "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968). See also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

As contemplated by Magistrate Judge Scheer's October 5, 2006 Order, Harrison's claims would be subject to summary judgment if Harrison's failure to respond with Rule 56(e) materials made such relief appropriate. Rather than attempting to establish the absence of a material factual dispute, the Officers' motion raised only the legal issue of which Amendment governed Harrison's claims, requiring a determination of whether Harrison could develop a factual record at trial consistent with the allegations in his complaint that would entitle him to relief. G.M. Eng'r and Assoc., Inc., 922 F.2d at 330. Accepting all of Harrison's *factual* allegations as true, Harrison could now develop a record at trial allowing a jury to conclude that Officers Russell and/or Garner beat him and slammed his head into concrete after he had been handcuffed, violating Harrison's Fourth Amendment right to be free from the use of excessive force during arrest. See Phelps v. Coy, 286 F.3d 295, 301-302 (6th Cir. 2002) (holding that officer's acts of striking arrestee's face and slamming arrestee's head into floor after arrestee had been handcuffed stated actionable Fourth Amendment claim). Amendment of the pleadings to allege a Fourth Amendment claim is preferable to dismissing Harrison's claims on their merits for his failure to identify the governing Constitutional Amendment. See Fed. R. Civ. P. 15(a, b).

The facts that Harrison did not respond to the Officers' motion, that Harrison has yet to conduct discovery, and that discovery closed on November 30, 2006, do not preclude Harrison from developing a factual record at trial that would support an actionable unreasonable force claim. Absent a showing by the Officers through the proffering of Rule 56(e) materials that the undisputable facts prove that the Officers did not use excessive force, Harrison may proffer evidence at trial to factually support his claims. Of course, had the Officers proffered such evidence to support their motion, and had Harrison then failed to respond to these materials, the Officers' proofs would have been accepted as true, possibly supporting entry of summary judgment against Harrison. See October 5, 2006

4

Order.  Defendants' objections are not well taken.

As justice requires, plaintiff Harrison will be granted approximately 45 days leave to file an amended complaint for the limited purpose of correcting his legal allegations to reflect a Fourth Amendment claim.  Discovery shall be extended for those same 45 days.  The dispositive motion cut-off date shall be extended for approximately 60 days to allow for the filing of motions for summary judgment should the record as further developed during this extended period arguably merit such a motion by either party.  Accordingly,

IT IS ORDERED that defendants' objections are hereby OVERRULED.  Magistrate Judge Scheer's December 7, 2006 Report and Recommendation is hereby ACCEPTED as the opinion of the court.  Defendants' motion for summary judgment is hereby DENIED.  Plaintiff is hereby GRANTED leave to file an amended complaint on or before February 15, 2007 for the limited purpose of correcting his legal allegations to reflect a Fourth Amendment claim.  The court's June 23, 2006 SCHEDULING ORDER is hereby AMENDED to provide that discovery cut-off is extended through February 15, 2007, and the dispositive motion cut-off date is hereby extended through March 2, 2007.  Final Pre-Trial Order, Pre-Trial Conference, and Trial dates remain to be determined.

SO ORDERED.

Dated:  January 9, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk